IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR 18  A 10: 07

CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

CHONG SU YI,

    Plaintiff,

v.

MARYLAND DISABILITY
DETERMINATION SERVICES, et al.,

    Defendants.

Case No.: GJH-16-896

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The above-captioned Complaint was filed on March 25, 2016, ECF No. 1, together with a Motion to Proceed in Forma Pauperis, ECF No. 2. The Motion for Leave to Proceed in Forma Pauperis shall be granted. Although docketed as a complaint filed pursuant to 42 U.S.C. § 405 for review of the denial of social security benefits,[1] that is not the focus of Plaintiff's claim. Rather, as noted below, Plaintiff indicates that Defendants lacked constitutional authority to make a determination as to his disability benefits and his ability to file patents was impeded by Defendant's improper determination. ECF No. 1.

The Complaint characterizes the facts and arguments as follows:

> Per D. Md. Civil Case No. SAG-15-1453 and TDC-15-1453; Case was brought before United States District Court over SSDI and SSA was represented by U.S. Attorney; and Court ruled, SSDI and SSI is federal issue.  Maryland Disability Determination Services; was part of SSDI Determination ipso facto in the prior ordo cogniscendi, which outcome subsume under it.

---

[1] Plaintiff previously filed for review of the denial of social security benefits. *See* Civil Action No. TDC-15-1453. The Court found that Plaintiff failed to exhaust his administrative remedies and the case was closed on January 8, 2016. ECF Nos. 17 & 20. Plaintiff's dissatisfaction with that result does not permit him to institute a new civil case regarding those issues.

> \*\*\*\*
> For Federal Government and State government to engage in determination of SSDI, It needed Constitutional mandate; but there was none. If it is will of Congress for Federal Government and State government to make determination; on Plaintiff's SSDIE case, then as per McBoyle v. U.S. 1931; if surface going vehicle is to be called as Airplane, as will of Congress then it should have made known far and wide,; i.e. Right to Know Law. There is no Constitutional mandate; of changes allowing SSD and DDS to make Determination on Plaintiff's SSDI case; while SSA took the money on SSDI from Payroll taxes; promising to pay out; as policyholder of insurance policy; Due to mistake by DDS and SSA; Plaintiff's invention and authorship; PJFM 16 CV 0756 Md D.; Exhibit A; regarding Inventions at USPTO, and Copyright Office, could not be filed.
> Its value is estimated at on or about 10billion dollars; by Plaintiff; and its future earning is estimated at 50billion dollars; total of 60billion in damages. Because DDS and SSA has violated Plaintiff's Constitutional rights; deprived of property Without due process of the law; in 5th and 14th amendment.

ECF 1 at 2–4.

Plaintiff's allegation of injury is fanciful at best. He seeks $60 billion dollars and punitive damage "times 100." *Id.* at 4.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed in forma pauperis if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.*; *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93.
>
> However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner

complaints. *See, e.g.*, *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Harris v. Janssen Healthcare Prods.*, No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. Accordingly, Plaintiff's case is DISMISSED. A separate Order follows.

Date: April 18, 2016

GEORGE J. HAZEL
United States District Judge